By the Court.

This cause comes up, on ex-ceptibns, taken by the appellant to various opinions vei* by the Judge below, on points of law, arising during the trial. . °
I. T h £ first is the decision of the Judge, in re-jec^ng the attorney of the appellant as being incom-Pet;ent to testily in behalf of his client; and refusing to admit other parol evidence to prove the existence of a noté, on which the appellant founds his claim in this action, and its loss.
The court is of opinion that the Judge of the parish court erred, in* rejecting the attorney, on the ground of incompetency. For altho’, perhaps, 'according to the principles of the Spanish law, the *257 •attorney is rendered -incompetent to give evidence, in favor of the party by whom he is employed, yet, we think,, that this rule is impliedly repealed by the act of the Legislative Council, and the Civil Code, in which it is stated, on the subject of testimonial proof, 312 art. 249 (after me# tioning several causes of incompetency) among other things, that the circumstance of a witness, being engaged in the actual service or salary of the parties, is not a sufficient cause to consider him as incompetent ■; but can only affect his credibility.
East. District.
Feb. 1814.
In relation to the latter part of this exception, the Judge ought to have admitted competent witnesses to have been sworn, in order to ascertain how far such testimony may go to prove such circumstances, as will render legal the introduction of oral proof, in the suit: the creditor having lost his evidence in writing. Otherwise,'it would be impossible for a party, who has been so infortu-nateas.to lose an instrument, which served him , as a literal proof, ever to recover, whatever may have been the accident by which the loss took place.
II. A second objection is taken to the opinion of the Judge below, in rejecting Larionda, the insolvent as a witness to prove that the note, about which the present contest has arisen, was in existence at the time of his failure ; that it was given for a valuable consideration, and that it was not *258 Pa,^> *n consequence of an opposition made by the, appchanh to the homologation- of a tableau of distribution amongst the creditors, offered by the syndics.
In support of this exception, decisions have been cited, from the courts of England, founded on the bankrupt laws of that country, which go to establish the principle that there the bankrupt is a competent witness to prove any fact, which may goto lessen the dividend of his estate among his creditors. The reason given, is that in such a case, he testifies against his own interest, because he .is intitled to a certain per cent, on his1 estate, rated according to the amount which it is found capable of paying. In the laws of this country, relative to insolvents, we believe, no such principiéis recog-nised ; therefore, the reasons, upon which these decisions are bottomed, would here fail, were they strictly applicable as law, in any case arising in our country. But, it is clearly laid down in ' Febrero, del Juicio de Concurso, no. 33, that in a contest, as to the legitimacy of claims amongst creditors, the confession of the insolvent, or his acknowledgment of any instrument, makes no proof, except as to his liability to pay : but not against his creditors : because, it is considered as fraudulent. This court is, therefore, of opinion that the Judge was correct in his decision, by which the bankrupt was rejected as a witness, so far as his: testimony would affect the appellees.
*259 • Here, it is proper to observe, With regard to the fifth exception to the opinion of the court below", in rejecting the books of the insolvent, offered by the appellant in evidence, and ,which had been improperly withholden from the syndics, if they contain any thing concerning the estate of the bankrupt, not brought forward, ;in those which were delivered, that they cannot afford, from the circumstance attending them, any evidence less exceptionable than the acknowledgment or confessions of the insolvent himself. Consequently, the Judge acted right in refusing to let them go to the jury.
III. The third exception is tp the opinion of the Judge, in rejecting Peter Colson, as a witness offered on the part of the appellant, to prove that, since the appointment of the appellees, as syndics of Larionda, and previous to the institution of this suitj both parties appeared before him, and signed an acknowledgment or recognition of the note, the validity of which is now contested, as the note of the insolvent. It does not appear from any thing, contained in the record, what was the ground of the decision, made by the court below, in rejecting the witness. Yet, it seems by the tenor of the exception, that he was called to prove the contents or substance of some instrument, or acknowledgment of the parties, in .writing. If so, the Judge erred in refusing to admit the tcsti- *260 mony, unless the failure to produce the writing itself should not have been'satisfactorily accounted for. ^ <~
jy As to the fourth exception, relative to the admission of Rodriguez, as a witness, it does not appear that he is, or has been, attorney for any of the parties litigant, in the present suit; but only acted as such for Larionda, the insolvent, at the time of his failure : and,'if he was found in that capacity, the opinion given, on the first exception, shews him to be a competent witness and that the circumstance could only affect his credibi- %•
The Judge having erred, in rejecting John R. Grymes, the attorney for the appellant :
It is ordered and decreed that the judgment of the parish court be reversed and annulled -and that the cause be remanded to the said court, there to be tried again, with directions to the Judge to . admit him, the said Grvmes, and any other competent witness, that may be offered to be sworn to prove all circumstances, relative to the existence and loss of said note, and to suffer such testimony to go to the jury. 1